WALLACE, JUDGE:
This claim was filed by Joseph Raymond Snyder against the respondent. During the course of the hearing, it developed that the property alleged to have been damaged was owned by Joseph Raymond Snyder and his wife, Sarah. The Court amended the claim to include Sarah Snyder as a claimant.
The claimants seek recovery in the amount of $4,020.00 for damages to the aluminum siding on their house, and to trees, shrubbery, and a vegetable garden, allegedly resulting from the negligent spraying by respondent of an herbicide during routine maintenance operations conducted along Route 28 in the vicinity of Ridgeley, Mineral County, West Virginia.
On May 5, 1975, employees of the respondent were engaged in weed control operations along the right of way of Route 28. Utilizing a weed killer, identified as a solution of three parts each of HY-VAR XL and 2-4-D to 100 parts water, they were spraying under guardrails, around road signs, mailboxes, and along drainage ditches. The claimants’ house is located approximately 50 feet from Route 28, between the towns of Ridgeley and Wiley Ford, and faces easterly towards the highway. The respondent sprayed the mouth of a drainage ditch and around the base of a speed limit sign in the immediate vicinity of the claimants’ property. There is a *80 natural drainage ditch located on a neighbor’s property which runs perpendicular to the highway and slopes easterly down towards the road, where it empties into a culvert maintained by the respondent. The measured distance from this culvert to the southeast corner of the claimants’ house was 100 feet. Mr. Snyder testified that he was told by a neighbor that he, the neighbor, paid the spraying crew a few dollars to leave the highway and spray an additional 30 feet up the drainage ditch. This was denied by Archie Self, a member of the spraying crew, who testified that the spray was applied only around the base of a speed limit sign and the mouth of the ditch.
The claimants contend that the respondent was negligent in applying the chemical by allowing an overspray of the weed killer to drift onto the aluminum siding on the north and south sides of their house, resulting in such severe discoloration and fading as to necessitate replacement on those sides of the house. The claimants further contend that the overspray of the weed killer destroyed several trees, hedges, climbing rose bushes, and a vegetable garden.
David G. Rearick, a qualified expert in horticulture, testified on behalf of the respondent. He stated that he inspected the claimants’ property some three years after the time of the spraying, and if there had been such spray damage as that claimed by the claimants, it would still be evident and discernible. It was his opinion that there was no damage consistent with that normally caused by HY-VAR XL and 2-4-D, and that the solution used by the respondent, unless applied directly, would not result in extensive damage to the plants and garden of the claimants.
The claimants presented a letter from the technical manager of the manufacturer of the aluminum siding used by the claimants on their home. The letter states that the effect of HY-VAR XL and 2-4-D, when coming into contact with aluminum siding, will soften the protective coating and cause permanent staining. It was stipulated at the hearing that the writer of the letter had not inspected the house, nor was familiar with any of the circumstances of this claim. Further, the letter was lacking in such highly probative information as the amount, relative concentration, and external conditions under which the chemical solution will produce the stated detrimental effect.
After careful consideration of the record, it is the opinion of the Court that all the evidence and testimony adduced at the hearing *81 establish merely the possibility of a causal connection between the use of the weed killer and the alleged damages. The evidence is not sufficient and does not warrant a conclusion that the damages claimed resulted from any act of the respondent. For the reasons stated, the Court is of the opinion to, and does, disallow the claim.
Claim disallowed.